Charles E. Carpenter, Vincent D. Wyman and Otto W. Jurgens, for appellant.

Edward G. Woods, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

Attorney and client, § 123*—when evidence sufficient to show agreement for compensation. Evidence examined and held to show agreement between attorney and client for attorney's compensation and to preclude recovery by attorney on quantum meruit.

---

**Walter R. Kirk, Plaintiff in Error, v. H. Meinshausen, trading as German-American Oil Company, Defendant in Error.**

#### Gen. No. 20,719.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph S. LaBuy, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1914.    Affirmed.    Opinion filed May 11, 1915.

### Statement of the Case.

Action by Walter R. Kirk, plaintiff, against H. Meinshausen, trading as German-American Oil Company, defendant, to recover a balance of $150.60 as commissions claimed to be due him as broker for negotiating the sales of certain merchandise.

The evidence as to the terms of the contracts under which the sales were negotiated and of the terms of the agreement between the parties was conflicting.   There

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

Kirk v. Meinshausen, 192 Ill. App. 522.

was also a conflict as to whether or not a check for commissions given by defendant to plaintiff's order had written on it the words "payment in full" and "payment in full up to date" before or after plaintiff received and indorsed it.

To reverse a judgment for defendant, plaintiff prosecutes this writ of error, the only question presented on the record being whether the finding and judgment of the trial court are manifestly against the weight of the evidence.

CULVER, ANDREWS, KING & COOK, for plaintiff in error.

EUGENE M. BUMPHREY, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1411*—*when judgment not disturbed where evidence conflicting.* Where the evidence is conflicting the Appellate Court will not disturb the judgment, where the case is brought up on the question of the weight of the evidence, unless it can say that the finding of the lower court on the verdict of the jury is manifestly against the weight of the evidence.

*See *Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,* same topic and section number.